1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                        DISTRICT OF NEVADA

8                                * * *

9    WILLIAM BRYON LEONARD,              Case No. 2:99-cv-0360-MMD-CWH

10                       Petitioner,

11   v.                                  ORDER

12   TIMOTHY FILSON, et al.,

13                       Respondents.

14

15          On December 28, 2016, this Court entered a scheduling order that allowed

16   petitioner Leonard sixty (60) days within which to file an amended petition. (ECF No. 120.)

17   Within that 60-day period, Leonard filed, in succession, a motion for leave to supplement

18   petition for writ of habeas corpus (ECF No. 121), a motion to re-impose stay (ECF No.

19   124), and a motion for extension of time to file first amended petition pending resolution

20   of motion to re-impose stay (ECF No. 127). This order decides all three motions.

21   **I.     MOTION FOR LEAVE TO SUPPLEMENT**

22          With his motion for leave to supplement, Leonard asks to amend his existing

23   petition (Dkt. No. 1.)[1] to include a claim that his death penalty is unconstitutional because

24   the trial court was required to give the jury a clear instruction that, in order to find him

25   eligible for the death penalty, it must conclude that there are insufficient mitigating

26          ——————————
         [1]Electronic docketing for this case begins with entry number 45. Accordingly, ECF
27   numbers are not available for entries 1–44 and such entries will be cited as "Dkt. No.,"
     rather than "ECF No." Docket entries following 44 will be cited as "ECF No." as required
28   by the rules of this Court.

circumstances to outweigh the aggravating circumstances *beyond a reasonable doubt.* (ECF No. 122.) Leonard premises this claim on *Hurst v. Florida*, 136 S.Ct. 616 (2016), which was decided January 12, 2016. He represents to the Court that, rather than include his *Hurst* claim in his forthcoming amended petition, he seeks leave to amend his existing petition in order to present the claim within one year of the date on which a "constitutional right was initially recognized by the Supreme Court." 28 U.S.C. § 2244(d)(1)(c).

A petition for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242; *see also* Rule 12, Rules Governing Section 2254 Cases (Rules of Civil Procedure apply to federal habeas proceedings "to the extent that they are not inconsistent."). Federal Rule of Civil Procedure 15(a) permits a party to amend a pleading with the opposing party's written consent or the court's leave. *See* Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma County. Ass'n of Retired Employees v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "[T]he consideration of prejudice to the opposing party carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

*Hurst* was decided January 12, 2016. Leonard's request to add a claim based on *Hurst* within the following year does not involve undue delay, bad faith, or dilatory motive, nor does it unduly prejudice the respondents.

Furthermore, while there appear to be serious questions regarding the merits of Leonard's *Hurst*-based claim, the Court determines — for purposes of the motion to supplement only — that there is no showing that addition of the claim would be futile. "[P]roposed amendments [are futile when they] are either duplicative of existing claims or

///

2

patently frivolous." *Murray v. Schriro*, 745 F.3d 984, 1015 (9th Cir. 2014) (quoting *Bonin v. Calderon*, 59 F.3d 815, 846 (9th Cir. 1995)).

Leonard requests that the Court waive the requirements of LR 15-1, which generally requires that a complete proposed amended petition be attached to a motion to amend, and that, after a motion to amend is granted, the petitioner is to file the complete amended petition. Because Leonard will be filing an amended petition, the Court will waive the requirements of Local Rule 15-1.

Nothing in this order granting Leonard's motion for leave to supplement will have any bearing on any other procedural issue in this case; nor will any aspect of this order have any bearing on the Court's consideration of the merits of the new claim in any other context.

## II.    MOTION TO RE-IMPOSE STAY

With his motion to re-impose stay, Leonard asks the Court to stay further proceedings in this case until he completes state court litigation of his *Hurst* claim. Leonard represents to this Court that, on January 9, 2017, he mailed for filing a state petition raising his *Hurst* issue in the First Judicial District Court for Carson City, Nevada.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the stay and abeyance procedure was condoned by the Court as a means by which a habeas petitioner with a mixed petition subject to dismissal under *Rose v. Lundy*, 455 U.S. 509 (1982), could fully exhaust his petition without the risk of running afoul of the 1-year statutory time limit for filing federal petitions. *Rhines*, 544 U.S. at 276. The Court in *Rhines* cautioned, however, that stay and abeyance, if too frequently used, would undermine AEDPA's goals of prompt resolution of claims and deference to state court rulings. *Id*. Thus, the Court held that, in order to obtain "stay and abeyance," a petitioner must show: 1) good cause for the failure to exhaust claims in state court; 2) that unexhausted claims are potentially meritorious; and 3) the absence of abusive tactics or intentional delay. *Id*.; *Jackson v. Roe*, 425 F.3d 654, 662 (9th Cir. 2005). For the reasons that follow, this Court concludes that Leonard's Hurst

///

claim is not potentially meritorious and, on that basis, will deny his request for a *Rhines* stay.

In *Hurst*, the Court held that Florida's capital sentencing scheme violated the Sixth Amendment right to a jury trial because, under the scheme, the jury rendered an advisory verdict but the judge ultimately found the facts necessary to impose a sentence of death. 136 S.Ct. at 624. In reaching that holding, the Court relied upon *Ring v. Arizona*, 536 U.S. 584 (2002), which held that any fact necessary for the imposition of the death penalty must be found by a jury, not a judge. 536 U.S. at 589. *Ring* and *Hurst* are both based on *Apprendi v. New Jersey*, 530 U.S. 466 (200), which held that any fact that "expose[s] the defendant to a greater punishment than that authorized by the jury's guilty verdict" is an "element" that must be submitted to a jury. 530 U.S. at 494.

Although a jury imposed the death penalty in Leonard's case, he claims that his death sentence is nonetheless unconstitutional under *Hurst* because the jury was not instructed that it must find beyond a reasonable doubt that there are no mitigating circumstances sufficient to outweigh the aggravating circumstances. Leonard reasons that, under *Hurst*, the weighing of aggravating and mitigating factors is an "element" that must be submitted to the jury and, as such, it necessarily follows that the reasonable doubt standard imposed by the Fifth Amendment applies to the weighing process.

While it is ostensibly logical, Leonard's claim extends the holding in *Hurst* well beyond its cognizable bounds. Neither *Ring* nor *Hurst* holds that the weighing aggravating and mitigating circumstances is an "element" that must be submitted the jury. The Court in *Ring* noted that "[t]he State's law authorizes the judge to sentence the defendant to death only if there is at least one aggravating circumstance and 'there are no mitigating circumstances sufficiently substantial to call for leniency.'" *Ring*, 536 U.S. at 593. Yet, the Court identified only the existence of an aggravating circumstance as an "element" that must be found by a jury to impose the death penalty. *Ring*, 536 U.S. at 589.

Similarly, the Court in *Hurst* concluded that Florida's capital sentencing scheme was unconstitutional because it "required the judge alone to find the existence of an

4

1  aggravating circumstance." *Hurst*, 136 S.Ct. at 624. The import of *Hurst* is its holding that

2  the jury's advisory role under Florida law fell short of complying with the Sixth Amendment

3  requirement of *Apprendi* and *Ring*. It did not break new ground with respect to what

4  determinations qualify as an "element" that must be submitted to a jury. Because neither

5  *Ring* nor *Hurst* classifies the weighing of aggravating and mitigating circumstances as an

6  element that must be determined by a jury, Leonard has no support for his claim that he

7  was entitled to a "beyond a reasonable doubt" jury instruction on that issue.[2]

8      Leonard's motion to re-impose a stay is denied.

9  **III.    MOTION FOR EXTENSION OF TIME**

10      With his motion for extension of time, Leonard seeks additional time within which

11 to file his amended petition. Leonard notes that, if he was to be granted a stay, the

12 scheduling order of December 28, 2016, would be moot. Otherwise he asks for sixty (60)

13 days from the date this Court denies his motion for stay within which to file his amended

14 petition.

15      Because the Court is denying Leonard's request for a stay, the scheduling order

16 shall remain in effect. The Court finds that Leonard's request for a stay is made in good

17 faith, and not solely for the purpose of delay. Good cause appearing, he will be allowed

18 sixty (60) days within which to file his amended petition.

19      It is therefore ordered that petitioner's motion for leave to supplement petition for

20 writ of habeas corpus (ECF No. 121) is granted. Petitioner is permitted to add to his

21 habeas corpus petition in this action (Dkt. No. 1) the claim set forth in his Supplement to

22 Petition for Writ of Habeas Corpus (ECF No. 122). The requirements of LR 15-1 are

23

24      [2]Indeed, this Court views the determination that there are no mitigating
circumstances sufficient to outweigh the aggravating circumstances to be a matter of
25 subjective judgment that is not amenable to proof beyond a reasonable doubt. In addition,
the Court in *Hurst* made clear that it was overruling its prior cases upholding Florida's
26 capital sentencing scheme (*Spaziano v. Florida*, 468 U.S. 447, 464 (1984) and *Hildwin v.
Florida*, 490 U.S. 638, (1989)), but noted that it was doing so "*to the extent they allow a
27 sentencing judge to find an aggravating circumstance*, independent of a jury's factfinding,
that is necessary for imposition of the death penalty." *Hurst*, 136 S.Ct. at 624 (emphasis
28 added).

1  waived; and, the claim will be considered added to the petition as of January 9, 2017.

2  Petitioner may also include this claim in the amended petition contemplated by the

3  scheduling order entered on December 28, 2016 (ECF No. 120).

4  It is further ordered that petitioner's motion to re-impose stay (ECF No. 124) is

5  denied.

6  It is further ordered that petitioner's motion for extension of time to file first

7  amended petition (ECF No. 127) is granted. Petitioner will have sixty (60) days from the

8  date this order is entered within which to file his first amended petition. In all other

9  respects, the scheduling order of December 28, 2016 (ECF No. 120) will govern future

10  proceedings in this case.

11  DATED THIS 18th day of August 2017.

12

13

_____

14  MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28