UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WILLIAM BRYON LEONARD,<br><br>               Petitioner,<br>v.<br><br>TIMOTHY FILSON, *et al.,*<br><br>               Respondents. | Case No. 2:99-cv-0360-MMD-CWH<br><br>ORDER |

On August 18, 2017, this Court entered an order that granted petitioner Leonard's motion to supplement his habeas petition with a claim based on *Hurst v. Florida*, 136 S.Ct. 616 (2016), but denied his motion to stay these proceedings pending his state court exhaustion of that claim. (ECF No. 129.) On August 23, 2017, he filed a motion asking this Court to reconsider its denial of the motion to stay. (ECF No. 130.)

In arguing for reconsideration, Leonard disputes this Court's conclusion that a stay is not warranted under *Rhines v. Weber*, 544 U.S. 269 (2005), because his *Hurst* claim is not potentially meritorious.[1] More specifically, he claims this Court presented "no explanation for the reversal of its previous position that the *Rhines* factors were satisfied and that stays of proceedings were warranted under *Rhines* to permit exhaustion of a claim based on *Hurst*." (ECF No. 130 at 4.) He fails to identify, however, a single instance

---

[1]The Court in *Rhines* held that, in order to obtain "stay and abeyance," a petitioner must show: 1) good cause for the failure to exhaust claims in state court; 2) that unexhausted claims are potentially meritorious; and 3) the absence of abusive tactics or intentional delay. *Rhines*, 544 U.S. at 276.

in which this Court specifically took such a position. That is, this Court has yet to conclude that a petitioner can satisfy all the *Rhines* factors with respect to a *Hurst* claim.

Leonard also cites to two Ninth Circuit cases in which the court of appeals stayed appellate proceedings to allow the petitioner to present *Hurst* claims in state court. In both of those cases, however, the Ninth Circuit merely issued a one-paragraph order without stating any rationale for its decision. *See* Order [Granting Stay], *Sherman v. Filson*, No. 16-99000 (filed April 18, 2017), Docket Number 18; Order [Granting Stay], *Bejarano v. Filson*, No. 11-99000 (filed April 18, 2017), Docket Number 83. Moreover, the Ninth Circuit has issued a reported decision subsequent to those orders in which it noted that it was "highly skeptical" of the merits of a Nevada petitioner's *Hurst* claims and held that, in any case, the petitioner could not obtain relief under *Hurst* because *Hurst* does not apply retroactively. *Ybarra v. Filson*, 869 F.3d 1016, 1030-33 (9th Cir. 2017).

In this Court's view, the "potentially meritorious" standard approximates the standard that applies when a court decides whether to deny an unexhausted claim under 28 U.S.C. § 2254(b)(2). *See Rhines*, 544 U.S. at 277. In both instances, the objective is to preserve the principle of comity while preventing the waste of state and federal resources that occurs when a petitioner is sent back to state court to litigate a clearly hopeless claim. *Cf. Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir.2005). In moving for reconsideration, Leonard offers no substantive argument as to why this Court's legal analysis of his *Hurst* claim in its previous order was erroneous. Accordingly, the Court stands by its conclusion that Leonard's *Hurst* claim does not meet the standard.

It is therefore ordered that petitioner's motion for reconsideration (ECF No. 130) is denied.

It is further ordered that petitioner's motion for extension of time to file first amended petition (ECF No. 132) is granted. Petitioner will have until January 15, 2018,

///

///

///

to file his first amended petition. In all other respects, the scheduling order of December 28, 2016 (ECF No. 120), will govern future proceedings in this case.

DATED THIS 26th day of October 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE