1

2

3                          UNITED STATES DISTRICT COURT

4                              DISTRICT OF NEVADA

5                                      * * *

6    WILLIAM BRYON LEONARD,                    Case No. 2:99-cv-0360-MMD-CWH

7                             Petitioner,
          v.                                            ORDER
8

9    WILLIAM GITTERE,[1] *et al.*,

10                           Respondents.

11

## I.      SUMMARY

13          On March 27, 2019, Petitioner filed a motion for stay and abeyance asking the

14   Court to suspend these federal proceedings while he once again pursues state court relief

15   from his conviction and death sentence. (ECF No. 169.) For the reasons that follow, the

16   motion will be denied.

## II.     BACKGROUND

18          Nearly two and a half years ago, this Court reopened these proceedings after a

19   ten-year exhaustion stay. At that time, the Court entered a scheduling order that allowed

20   Petitioner 60 days within which to file an amended petition. (ECF No. 120.) Within that

21   60-day period, Petitioner filed, in succession, a motion for leave to supplement his petition

22   for writ of habeas corpus (ECF No. 121), a motion to re-impose the stay (ECF No. 124),

23   and a motion for extension of time to file a first amended petition pending resolution of his

24   motion to re-impose the stay (ECF No. 127).

25   ///

26   _____

27          [1]As the current warden at Ely State Prison, William Gittere is automatically
     substituted as a respondent for former warden, Timothy Filson. *See* Fed. R. Civ. P. 25(d).

28

1       When the Court denied Petitioner's motion to re-impose the stay (ECF No. 129),

2 Petitioner filed a motion for reconsideration (ECF No. 130) that further delayed the filing

3 of his first amended petition. And, from the time the motion for reconsideration was

4 denied, nearly five months passed before Petitioner filed his 400-page amended petition.

5       After receiving four extensions of time, Respondents filed a motion to dismiss the

6 petition, advancing various procedural defenses including failure to exhaust. Petitioner

7 then filed the motion for stay and abeyance currently before the Court for decision.

8 **III.   LEGAL STANDARDS**

9       In *Rhines v. Weber*, 544 U.S. 269 (2005), the stay and abeyance procedure was

10 condoned by the Court as a means by which a habeas petitioner with a mixed petition

11 subject to dismissal under *Rose v. Lundy*, 455 U.S. 509 (1982), could fully exhaust his

12 petition without the risk of running afoul of the 1-year statutory time limit for filing federal

13 petitions. *See Rhines*, 544 U.S. at 276. The Court in *Rhines* cautioned, however, that stay

14 and abeyance, if too frequently used, would undermine AEDPA's goals of prompt

15 resolution of claims and deference to state court rulings. *See id.* Thus, the Court held that,

16 in order to obtain "stay and abeyance," a petitioner must show: 1) good cause for the

17 failure to exhaust claims in state court; 2) that unexhausted claims are potentially

18 meritorious; and 3) the absence of abusive tactics or intentional delay. *See id.*; *see also*

19 *Jackson v. Roe*, 425 F.3d 654, 662 (9th Cir. 2005).

20 **IV.   DISCUSSION**

21       With his motion for stay and abeyance, Petitioner asks the Court to stay further

22 proceedings in this case until he completes state court litigation of an amended petition

23 for writ of habeas corpus he filed in the state district court on June 9, 2017. According to

24 Petitioner, the amended state petition includes a claim of ineffective assistance of counsel

25 supported by "newly discovered evidence," which consists of "a declaration from trial

26 counsel [James Wessel] acknowledging the harm his gambling addiction caused to

27 [Petitioner]." (ECF No. 169 at 3.)

28

1    This Court sees several problems with Petitioner's request for a stay. First, the

2    allegation that trial counsel's gambling problem negatively impacted his performance

3    while representing the Petitioner is not new. Indeed, the initial petition filed in this case in

4    1999 alleged that, while he "was preparing and conducting Petitioner's defense, lead

5    counsel was trying to deal with unfolding consequences of his **own criminal conduct**

6    stemming from a gambling addition" which involved "the **embezzlement of $150,000 of**

7    **another client's funds**, which was discovered several months prior to Petitioner's capital

8    murder trial" and shortly after the trial "resulted in lead counsel's **conviction of three**

9    **felony counts** of embezzlement, incarceration and disbarment." (ECF No. 3 at 7-8

10   (emphasis in original).) *See also DePasquale v. McDaniel*, Case No. 3:07-cv-00472-ECR,

11   2011 WL 841419, at *7 (D. Nev. Mar. 7, 2011) (referencing "Wessel's gambling problem,

12   financial problems, and actions which resulted in Wessel's eventual disbarment and

13   conviction for the crime of embezzlement").

14       As noted, a *Rhines* stay permits a petitioner to present unexhausted *claims* to the

15   state court while his federal petition remains pending, thereby allowing him to avoid the

16   risk of later returning to federal court with a time-barred petition. Here, Petitioner does not

17   identify a particular unexhausted claim he intends to exhaust during his requested stay.

18   It appears only that he wishes to supplement long-standing ineffective assistance of

19   counsel claims with additional evidence; *i.e.*, an acknowledgment from Wessel himself

20   regarding the harmful impact of his gambling problem. That is not the purpose of a *Rhines*

21   stay.

22       On the other hand, if Petitioner is, in fact, presenting an unexhausted claim in his

23   recently filed state petition, he has not established good cause for failing to exhaust the

24   claim. Evidence of trial counsel's gambling, financial, and legal woes has been readily

25   available for most, if not all, of the 30 years since Petitioner's conviction. Wessel's belated

26   acknowledgment that his gambling problem undermined his performance was not a

27   prerequisite for bringing a claim challenging his performance nor does the

28

1  acknowledgment give rise to a new claim. As Respondents note, *Strickland v.*

2  *Washington* presents an objective standard for reviewing trial counsel's performance. *See*

3  466 U.S. 668, 688 (1984). Wessel's declaration may shed light on the underlying cause

4  of his alleged errors or omissions, but it does not significantly impact the question whether

5  his performance fell below the *Strickland* standard.

6    Petitioner's motion for stay and abeyance does not satisfy the requirements

7  established in *Rhines*.

8    It is therefore ordered that Petitioner's motion (ECF No. 169) is denied.

9    It is further ordered that the scheduling order of December 28, 2016 (ECF No. 120)

10  continues to govern proceedings in this case.

11    DATED THIS 14th day of May 2019.

12  _____

13  MIRANDA M. DU
   UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28