UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WILLIAM BRYON LEONARD,<br><br>　　　　　　　　Petitioner,<br>　v.<br><br>WILLIAM GITTERE, *et al.*,<br><br>　　　　　　　　Respondents. | Case No. 2:99-cv-0360-MMD-DJA<br><br>ORDER |

Petitioner Leonard has filed a motion to correct a clerical error with respect to this Court's order of May 14, 2020 (ECF No. 205). (ECF No. 206.) With that order, the Court granted in part and denied in part the Respondents' motion to dismiss Leonard's amended petition for writ of habeas corpus. In doing so, the Court concluded that several of Leonard's ineffective assistance of counsel ("IAC") claims are procedurally defaulted, either because they had been dismissed pursuant to an independent and adequate state procedural rule or because Leonard no longer has an available remedy in state court. (ECF No. 205 at 41-52.) Rather than dismiss the claims, however, the Court reserved judgment, pending merits briefing, as to whether Leonard could establish cause and prejudice under *Martinez v. Ryan*, 566 U.S. 1 (2012). (*Id.* at 50.)

Notwithstanding that ruling, the order of May 14, 2020, includes the procedurally defaulted IAC claims among those ordered to be dismissed. (*Id.* at 57.) Accordingly, Leonard "requests this Court correct the clerical error in the conclusion of its procedural order to accurately state that Claims 1(A), 1(B)(1), 1(B)(3), 1(E), 1(I), 1(J), 1(M), 1(O), 1(P), 1(R)(2-4), 1(T)(3), 3(A)(2)(a), 3(A)(2)(b), 3(E), 3(F), 3(G), 3(H), and 3(J) are not

dismissed and should be addressed on the merits in the State's answer and Leonard's reply." (ECF No. 206 at 4.) The Court acknowledges the error.[1]

It is therefore ordered that Petitioner's a motion to correct clerical error (ECF No. 206) is granted. Claims 1(A), 1(B)(1), 1(B)(3), 1(E), 1(I), 1(J), 1(M), 1(O), 1(P), 1(R)(2-4), 1(T)(3), 3(A)(2)(a), 3(A)(2)(b), 3(E), 3(F), 3(G), 3(H), and 3(J) are not dismissed and the order of May 14, 2020 (ECF No. 205) is vacated to the extent it indicates otherwise. The Court will consider *Martinez* arguments in relation to these claims when it rules upon the merits of Leonard's petition.[2]

DATED THIS 30th day of July 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[1]Respondents have not filed an opposition to Leonard's motion.

[2]Claim 1(A) appears to have been adjudicated on the merits when the Nevada Supreme Court decided Leonard's direct appeal. *See Leonard v. State*, 824 P.2d 287, 289 (Nev. 1992). Thus, the Court will also entertain argument as to whether the claim is, in fact, procedurally defaulted.