UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WILLIAM BRYON LEONARD,<br><br>　　　　　　　　　Petitioner,<br>v.<br><br>WILLIAM REUBART,[1] *et al.*,<br><br>　　　　　　　　　Respondents. | Case No. 2:99-cv-0360-MMD-DJA<br><br>ORDER |

　　　　Before the Court in this habeas proceeding under 28 U.S.C. § 2254 are Petitioner Leonard's motion for evidentiary hearing (ECF No. 228) and renewed motion for discovery (ECF No. 229). Both motions are opposed by the Respondents (ECF Nos. 239, 240), and Leonard has filed replies (ECF Nos. 245, 246). For reasons that follow, both motions are denied.

**I.　MOTION FOR EVIDENTIARY HEARING**

　　　　With his motion for evidentiary hearing, Leonard argues that, because the State "largely does not dispute the facts underlying the remaining claims in [his] amended petition," he is entitled to habeas relief "based on the pleadings, without an evidentiary hearing," but "should this Court desire further evidentiary development on those claims, … an evidentiary hearing is appropriate." (ECF No. 228 at 2.) Leonard proposes to present testimony from trial counsel demonstrating that counsel performed deficiently in the guilt phase of Leonard's trial (Claim One) and created a conflict of interest by agreeing to represent both Leonard and Donald Hill, a key witness for Leonard's defense (Claim

---

[1] William Reubart is substituted for William Gittere as the warden of Ely State Prison. *See* Fed. R. Civ. P. 25(d).

1  Two). He also proposes to have trial counsel, as well as friends and family members,
2  testify in support of his claim that counsel performed deficiently in the penalty phase of
3  his trial (Claim Three).

4  Leonard contends that he meets the standards for an evidentiary hearing under
5  *Martinez v. Ryan*, 566 U.S. 1 (2012), to the extent his claims are procedurally defaulted.
6  *Martinez* allows a habeas petitioner to cite the ineffective assistance of postconviction
7  counsel as cause for the procedural default of an ineffective-assistance-of-trial-counsel
8  claim. *See Martinez*, 566 U.S. at 9. Leonard further argues that an evidentiary hearing is
9  not precluded by 28 U.S.C. § 2245(e)(2) because any failure to develop the factual bases
10 for his claims can be attributed to the negligence of his post-conviction counsel. Section
11 2254(e)(2) applies only when a prisoner "has failed to develop the factual basis of a
12 claim." The U.S. Supreme Court has interpreted "fail" to mean that the prisoner must be
13 "at fault[,]" *i.e.*, "bear[] responsibility"—for the undeveloped record in state court. *Williams*
14 *v. Taylor*, 529 U.S. 420, 432 (2000)

15 Leonard's motion to dismiss predates the U.S. Supreme Court's decision in *Shinn*
16 *v. Ramirez*, 142 S. Ct. 1718 (2022). In that case, the Court held that "a federal habeas
17 court may not conduct an evidentiary hearing or otherwise consider evidence beyond the
18 state-court record based on ineffective assistance of state postconviction counsel."
19 *Ramirez*, 142 S.Ct. at 1734. The Court determined that *Martinez* did not disturb the long-
20 standing rule that a habeas petitioner bears the risk for his or her post-conviction
21 counsel's deficiencies in developing the state court record. *See id.* at 1735-38. So, even
22 under *Martinez*, a federal court may not consider new evidence on the merits of a claim
23 unless the petitioner satisfies the stringent requirements of 28 U.S.C. § 2254(e)(2). *See*
24 *id.*

25 Thus, *Ramirez* expressly rejects Leonard's rationale for this Court holding an
26 evidentiary hearing. In his post-*Ramirez* reply, he suggests the Court could nonetheless
27 hold a hearing because *Ramirez* did not foreclose *Martinez* hearings to address whether
28

there is cause and prejudice to excuse a procedural default. While that may be, the Court sees no need to hold a hearing for that purpose if the evidence adduced cannot be considered in deciding the underlying habeas claim. Consequently, Leonard's motion for an evidentiary hearing is denied.

## II. RENEWED MOTION FOR DISCOVERY

Leonard characterizes his renewed motion for discovery as a request for the Court to "permit narrow, limited discovery … allowing [him] a full and fair opportunity to litigate his constitutional claims." (ECF No. 229 at 9.) He asks the Court to order the State to produce the prosecution's case files for his state criminal proceeding and for two of Donald Hill's criminal proceedings. He also asks permission to depose Leonard Bascus, a correctional officer for the Nevada Department of Corrections who witnessed the incident for which Leonard was convicted.

Good cause for discovery in a habeas proceeding exists "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are developed, be able to demonstrate that he is ... entitled to relief'." *Bracy v. Gramley*, 520 U.S. 899, 908-909 (1997) (alteration in original) (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)). However, "courts should not allow [habeas petitioners] to use ... discovery for fishing expeditions to investigate mere speculation." *Calderon v. U.S. Dist. Ct. for the N. Dist. of Cal. (Nicolaus)*, 98 F.3d 1102, 1106 (9th Cir. 1996). "To obtain discovery ... a defendant must make a prima facie showing of materiality. Neither a general description of the information sought nor conclusory allegations of materiality suffice; a defendant must present facts which would tend to show that the Government is in possession of information helpful to the defense." *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990) (citations omitted).

While Leonard characterizes his discovery request as "narrow," the Court views it as quite broad and unfocused. In addition, Leonard has been seeking post-conviction

relief in state and federal court for thirty years. He fails to adequately account for the lengthy delay in making his request for the production of the case files or the deposition.

The Court also questions whether it could consider any new evidence Leonard might obtain with his requested discovery. *See Shoop v. Twyford*, 142 S. Ct. 2037, 2044 (2022) ("A court … must, consistent with AEDPA, determine at the outset whether the new evidence sought could be lawfully considered.") Even if review of some of his claims is not subject to the restriction on new evidence imposed by *Cullen v. Pinholster*, 563 U.S. 170 (2011),[2] § 2254(e)(2) still restricts the discretion of federal habeas courts to consider new evidence. *See Pinholster*, 563 U.S. at 186. Leonard does not demonstrate that he can satisfy § 2254(e)(2).

Leonard contends that § 2254(e)(2) does not necessarily limit discovery, but the Court disagrees. The Court in *Shoop v. Twyford* was clear that a federal court must consider the limitations imposed by § 2254(e)(2) "before facilitating the development of new evidence." 142 S.Ct. at 2044. To do otherwise would "'prolong federal habeas proceedings with no purpose," which "in turn disturb[s] the State's significant interest in repose for concluded litigation." *Id.* (internal quotation marks omitted).

Concluding that Leonard has failed to establish good cause, the Court denies his renewed motion for discovery.

### III. CONCLUSION

It is therefore ordered that Leonard's motion for evidentiary hearing (ECF No. 228) and renewed motion for discovery (ECF No. 229) are denied.

DATED THIS 8th Day of September 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[2]The Court in *Pinholster* held that review under 28 U.S.C. § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits. *See* 563 U.S. at 181.

4